# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION NO. 06-484 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| ERNEST CLARENCE DANTZLER | MAG. JUDGE KAREN L. HAYES |

## Ruling

This is an action on a promissory note brought by Plaintiff United States of America against Defendant Ernest Clarence Dantzler. Pending before the Court is a Motion for Summary Judgment [Doc. No. 10] filed by Plaintiff. For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

**I.  FACTS AND PROCEDURAL HISTORY**

Beginning in May 2002, in order to obtain loans, Defendant executed and delivered to the Farmers Home Administration ("FmHA")[1], United States Department of Agriculture, the following notes:

| DATE | FACE AMOUNT | INTEREST RATE |
|---|---|---|
| 05/15/02 | $24,000.00 | 4.75% |
| 05/15/02 | $15,400.00 | 4.75% |
| 03/18/03 | $17,375.33 | 3.50% |
| 02/27/04 | $17,951.81 | 3.75% |
| 03/26/03 | $30,000.00 | 3.50% |

---

[1] FmHA is now known as the Farm Service Agency.

| | | |
|---|---|---|
| 02/27/04 | $ 9,883.63 | 3.50% |
| 05/15/02 | $ 2,630.00 | 3.75% |
| 03/18/03 | $ 2,712.95 | 3.75% |
| 02/27/04 | $ 2,566.67 | 3.75% |

(collectively "the Notes") [Doc. No. 1, Exhs. 1A-1I]. FmHA is the current owner and holder of the Notes.

Additionally, in order to secure payment of the Notes, Defendant executed in authentic form, the following mortgages, which are filed in the official records of Morehouse Parish:

| **DATE** | **REGISTRY NUMBER** | **MORTGAGE BOOK/PAGE** |
|---|---|---|
| 05/15/02 | 174943 | 525/221 |
| 03/26/03 | 180412 | 542/184 |

("the Mortgages") [Doc. No. 1, Exhs. 2A-2B].

These Notes and Mortgages are affected by two additional agreements: (1) an Agreement Evidencing Extension by Reamortization or Rescheduling and Request for Reinscription of Real Estate Mortgage dated March 26, 2003, and recorded in the records of Morehouse Parish, Louisiana, File No. 180411, Book 542, Page 180; and (2) an Agreement Evidencing Extension by Reamortization or Rescheduling for Reinscription of Real Estate Mortgage dated February 27, 2004, and recorded in the records of Morehouse Parish, Louisiana, File No. 186431, Book 561, Page 481.

Defendant has made no payments on the Notes since October 31, 2005. Defendant owns and occupies the immovable property subject to the Mortgages, and he has not conveyed the property to FmHA.

On November 28, 2005, Defendant was advanced $307.00 in costs for a title opinion and

abstract fees in order to protect FmHA's security interest in the property.

As of February 7, 2006, Defendant owed the following amounts in unpaid principal and interest on the Notes executed on February 27, 2004:

| LOAN CODE | EXHIBIT | UNPAID PRINCIPAL | INTEREST | DAILY ACCRUAL |
|---|---|---|---|---|
| 44-08 | 1-D | $17,951.81 | $ 600.32 | 1.8444 |
| 44-09 | 1-F | $ 9,883.63 | $ 672.90 | .9477 |
| 43-10 | 1-I | $ 2,566.67 | $ 187.23 | .2637 |

On March 20, 2006, Plaintiff filed this lawsuit.

On June 2, 2006, the Clerk entered a default against Defendant.

On June 21, 2006, on Defendant's motion, the Court set aside the default. On July 28, 2006, Defendant filed an Answer in which he admitted that he was in default as to "some obligations" to FmHA, but asserted that some other obligations had "not matured" and thus could not be in default. [Doc. No. 8, ¶ 5].

On August 1, 2006, Plaintiff filed the instant Motion for Summary Judgment. Defendant has not opposed that motion.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of

3

material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when a nonmovant fails to provide a response identifying the disputed issues of fact, the Court may accept the movant's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1999); *NorDar Holdings, Inc. v. W. Sec. (USA) Ltd.*, No. 3:96-CV-0427-H, 1996 WL 39019, *2 (N.D. Tex. Dec. 18, 1996). This is so because "[t]he party opposing summary judgment is required to identify

specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

B.   **Claim Against Defendant**

The Fifth Circuit has noted that "suits on promissory notes provide fit grist for the summary judgment mill." *Federal Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir.1988). Plaintiff asserts a valid cause of action on a promissory note when it alleges that it is the holder and owner of the note and that the note is in default. *See American Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989). "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." La. Rev. Stat. § 10:3-307(2). "Unless specifically denied in the pleadings each signature on an instrument is admitted." La. Rev. Stat. Ann. § 10:3-307(1).

In this case, Plaintiff has submitted copies of the Notes and Mortgages, as well as the affidavit of Willie F. Cooper, State Executive Director of the Farm Service Agency (formerly FmHA). Mr. Cooper attests to the balance of the principal and interest owed by Defendant and the fact that he is in default. Mr. Cooper also attests to the fact that, because Defendant failed to pay the principal and interest when due, Plaintiff accelerated maturity of all principal and interest owing under the Notes, in accordance with the terms in the Notes, on September 23, 2005. However, Defendant has refused and failed to pay the outstanding amounts, placing him in default of the Notes and Mortgages. Finally, Mr. Cooper attests that Defendant is neither an infant, an incompetent, nor a member of the military.

Defendant has filed no opposition to Plaintiff's Motion for Summary Judgment. Further, Defendant admitted in his Answer that he was in default as to "some obligations" to FmHA. While

5

he also asserts that some of the other obligations have "not matured" and thus cannot be in default, his assertion does not provide a defense in light of Mr. Cooper's affidavit showing that the Notes were accelerated.

Accordingly, the Court finds that there is no genuine issue of material fact for trial. Plaintiff is entitled to summary judgment against Defendant, as well as recognition and maintenance of the Mortgages.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. No. 10] is GRANTED. Plaintiff shall submit to this Court a proposed judgment.

MONROE, LOUISIANA, this 11th day of September, 2006.

*/s/ Robert G. James*
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**